UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br>    Plaintiff,<br><br>    v.<br><br>Freedom Debt Relief, LLC and<br>Andrew Housser,<br>    Defendants. | Case No. 3:17-cv-06484-EDL<br><br>[PROPOSED] STIPULATED FINAL<br>JUDGMENT AND ORDER |

The Consumer Financial Protection Bureau (Bureau) commenced this action on November 8, 2017, to obtain injunctive and monetary relief and civil penalties from Freedom Debt Relief, LLC and Andrew Housser. The Bureau's First Amended Complaint alleges violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6102(c), 6105(d); the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310; and the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536(a), in connection with the marketing, sale, and provision of Debt-Relief Services.

The Bureau and Defendants agree to the entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the First Amended Complaint.

**THEREFORE, it is ORDERED**:

**FINDINGS & CONCLUSIONS**

1.      This Court has jurisdiction over the parties and the subject matter of this action pursuant to 12 U.S.C. § 5565(a)(1) and 28 U.S.C. §§ 1331 and 1345.

2.      Venue in the Northern District of California is proper under 28 U.S.C. § 1391(b) and (c) and 12 U.S.C. § 5564(f).

3.      Defendant Freedom Debt Relief, LLC (Freedom) is a provider of Debt-Relief Services. Defendant Andrew Housser is Freedom's co-founder and co-CEO.

4.      Defendants neither admit nor deny any allegations in the First Amended Complaint, except as specifically stated in this Order. For the purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

5.      Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

6.      Entry of this Order is in the public interest.

## DEFINITIONS

The following definitions apply to this Order:

7.      "**Affected Consumers**" means any person who paid the Company Defendant a Qualifying Fee.

8.      **"Clearly and Conspicuously"** shall have the same meaning as in 16 C.F.R. § 310.3.

9.      "**Clearly and Prominently**" means:

a.   in textual communications (e.g., printed publications or words displayed on the screen of an electronic device), the disclosure must be of a type point or pixel size, location, and format sufficiently noticeable for an ordinary consumer to read and

2

comprehend it across all screen sizes, in print that contrasts with the background on which it appears;

b.  in communications disseminated orally or through audible means (e.g., radio or streaming audio), the disclosure must be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it;

c.  in communications disseminated through video means (e.g., television or streaming video), the disclosure must be in writing in a form consistent with subsection (a), and must appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend it;

d.  in communications made through interactive media such as the internet, online services, and software, the disclosure must be unavoidable (which is not the case if the consumer must take any action—such as clicking on a hyperlink or hovering over an icon—to see it) and presented in a form consistent with subsection (a), and remain on the screen for a duration sufficient for a consumer to read and comprehend it; and when scrolling is necessary to view the disclosure, text or visual cues must be present to encourage consumers to scroll to view the disclosure, and the disclosure must be unavoidable—that is, consumers must not be able to proceed further with a transaction (e.g., click forward) without scrolling through the disclosure;

e.  in communications that contain both audio and visual portions, the disclosure must be presented simultaneously in both the audio and visual portions of the communication; and

3

f.  in all instances, the disclosure must be presented before the consumer incurs any financial obligation, in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication with the consumer.

10.  "**Coach**" or "**Coaching**" means any instruction, guidance, or advice to consumers provided by the Company Defendant in connection with consumers' direct negotiations with Creditors.

11.  "**Company Defendant**" means Freedom Debt Relief, LLC and its successors and assigns.

12.  "**Consumer Settlement**" means any settlement negotiated by a consumer directly with his or her Creditor, with or without Coaching from the Company Defendant.

13.  "**Consumer-Settlement Fee**" means the fee that the Company Defendant charges consumers for a Consumer Settlement.

14.  "**Creditor**" means the original or current creditor as well as such original or current creditor's agent or attorney, including any collection agent, collection attorney, or third-party collector, as well as any other entity holding a consumer's Enrolled Debt, such as a debt buyer, and that entity's agent, attorney, collection agent, collection attorney, or third-party collector.

15.  "**Debt-Relief Service**" shall have the same meaning as in 16 C.F.R. § 310(o).

16.  "**Debt Resolution Agreement**" means the Company Defendant's contract with a consumer for the provision of Debt-Relief Services.

17.  "**Defendants**" means the Company Defendant and the Individual Defendant, individually, collectively, or in any combination.

4

18.   "**Effective Date**" means the date on which this Order is entered by the Court.

19.   "**Enforcement Director**" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his or her delegate.

20.   "**Enrolled Debt**" means a consumer debt that the Company Defendant agreed to negotiate for a fee under a Debt Resolution Agreement and that the consumer has not withdrawn from the Company Defendant's services.

21.   "**Enrollment**" means when a consumer enters into a Debt Resolution Agreement.

22.   "**FDIC Consent Order**" means the Consent Order, Order for Restitution, and Order to Pay Civil Money Penalty issued by the Federal Deposit Insurance Corporation in *In re Freedom Financial Asset Management, LLC and Cross River Bank, Teaneck, New Jersey*, Nos. FDIC-17-0126b, FDIC-17-0125b, FDIC-17-0124k (issued March 28, 2018).

23.   "**First Amended Complaint**" means the First Amended Complaint in this action.

24.   "**Individual Defendant**" means Andrew Housser.

25.   "**Non-Settlement Outcome**" means an outcome involving an Enrolled Debt that does not include a settlement with the Creditor but that the Company Defendant considers to be a resolution.

26.   "**Qualifying Fee**" means:

  a.  a Consumer-Settlement Fee paid between July 21, 2011, and the Effective Date, inclusive—provided that such fee will not be refunded under the FDIC Consent Order, and has not otherwise been refunded by Freedom; or

5

b.  a Non-Settlement Outcome fee paid between October 27, 2010, and the Effective Date, inclusive—provided that such fee will not be refunded under the FDIC Consent Order, and has not otherwise been refunded by Freedom.

27.  "**Related Consumer Action**" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against the Company Defendant based on substantially the same facts alleged in the Bureau's First Amended Complaint.

28.  "**Settlement Account**" means the dedicated account into which the Company Defendant instructs a consumer to deposit funds for the purpose of paying debt settlements.

## ORDER

### Conduct Provisions

### I

### Prohibition on Deceptive Practices

**IT IS ORDERED** that:

29.  The Company Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of Debt-Relief Services, may not misrepresent, or assist others in misrepresenting, expressly or impliedly:

a.  whether any present Creditor will negotiate debt settlements directly with the Company Defendant;

b.  the Company Defendant's present ability to negotiate or settle an Enrolled Debt; or

6

c.  the circumstances in which the Company Defendant will charge fees.

## II

**Prohibition on Charging Fees for Non-Settlement Outcomes**

**IT IS FURTHER ORDERED** that:

30.     The Company Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, may not request or receive a fee, or assist others in requesting or receiving a fee, in consideration for or in connection with a Non-Settlement Outcome.

## III

**Required Disclosures Relating to Consumer Involvement in Settlements**

**IT IS FURTHER ORDERED** that:

31.     The Company Defendant must Clearly and Prominently disclose to consumers before Enrollment:

a.  that in some instances, the Company Defendant may request that the consumer negotiate directly with the Creditor; and

b.  that if the Company Defendant requests that the consumer negotiate directly with the Creditor, the consumer may decline to negotiate with the Creditor and either request that the Company Defendant continue attempts to negotiate a settlement of the Enrolled Debt with the Creditor or withdraw the Enrolled Debt without charge or penalty at any time before it is settled.

7

Stipulated Final Judgment and Order
Case No. 3:17-cv-06484-EDL

## IV

## Required Disclosures Relating to Settlement Accounts

**IT IS FURTHER ORDERED** that:

32.    The Company Defendant must, before Enrollment, Clearly and Conspicuously disclose to each consumer that if the consumer withdraws from the Company Defendant's debt-relief program, the consumer is entitled to receive all funds in the Settlement Account other than funds earned by the Company Defendant in compliance with 16 C.F.R. § 310.4(a)(5)(i)(A) through (C). Nothing in this Section shall modify or replace the disclosure requirements of 16 C.F.R. § 310.3(a)(1).

## Monetary Provisions

## V

## Order to Pay Restitution

**IT IS FURTHER ORDERED** that:

33.    A judgment is entered in favor of the Bureau and against the Company Defendant in the amount of $20,000,000.

34.    Within 30 days of the Effective Date, the Company Defendant must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $20,000,000 for the purpose of providing restitution to Affected Consumers and in full satisfaction of the judgment as ordered in Paragraph 33 of this Section.

35.    Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for restitution for injured consumers and for any attendant expenses for the administration of such restitution.

Stipulated Final Judgment and Order
Case No. 3:17-cv-06484-EDL

36.     If the Bureau determines, in its sole discretion, that restitution to consumers is wholly or partially impracticable, or if funds remain after restitution is completed, the Bureau shall deposit the remaining funds in the U.S. Treasury as disgorgement. The Company Defendant will have no right to challenge any actions that the Bureau or its representatives may take under this paragraph.

37.     Payment of restitution to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## VI

### Redress and Compliance Plan

**IT IS FURTHER ORDERED** that:

38.     Within 60 days of the Effective Date, the Company Defendant must submit to the Enforcement Director for review and non-objection a comprehensive written Redress and Compliance Plan (a) for identifying Affected Consumers and the amount of any Qualifying Fee paid by each consistent with this Order; and (b) for ensuring that the Company Defendant's provision of Debt-Relief Services complies with the terms of this Order. The Redress and Compliance Plan must contain timeframes and deadlines for completion of each step necessary for meeting the requirements described below. The Enforcement Director will have the discretion to make a determination of non-objection to the Redress and Compliance Plan or direct the Company Defendant to revise it. If the Enforcement Director directs the Company Defendant to revise the Redress and Compliance Plan, the Company Defendant must make the revisions and resubmit the Redress and Compliance Plan to the Enforcement Director within 15 days. After receiving notification that the Enforcement Director has made a determination of non-objection to the Redress and Compliance Plan, the Company Defendant must implement and adhere to the steps, recommendations, requirements, deadlines, and

9

timeframes outlined in the Redress and Compliance Plan.

**Redress Component**

39.     The redress component of the Redress and Compliance Plan (Redress Component) must state in detail how the Company Defendant will identify all Affected Consumers and the associated types and amounts of Qualifying Fees paid, including all means and methods.

40.     The Redress Component must set forth the contents of a report to be prepared by the Company Defendant for use by the Bureau to administer restitution to Affected Consumers (Restitution Report). The Restitution Report must identify, in a format acceptable to the Enforcement Director, all Affected Consumers (including names, addresses, telephone numbers, email addresses, account number(s), and any other unique identification assigned in the Company Defendant's systems); the amount, type, and date of payment of each Qualifying Fee and the associated Creditor(s); and any other information deemed necessary to effectuate restitution.

41.     The Redress Component must contain a deadline for submission of the Restitution Report, which shall not be later than 60 days from the Company Defendant's receipt of notice of the Enforcement Director's non-objection to the Redress and Compliance Plan. The Enforcement Director will have the discretion to make a determination of non-objection to the Restitution Report or direct the Company Defendant to revise it. If the Enforcement Director directs the Company Defendant to revise the Restitution Report, the Company Defendant must make the revisions and resubmit the Restitution Report to the Enforcement Director within 30 days.

42.     The Redress Component must include procedures for the Company Defendant to receive, log, investigate, and promptly respond to inquiries by

10

consumers who believe they are entitled to restitution under this Order and for adding any such consumers to the list of Affected Consumers, where appropriate. The Redress Component must require that such procedures continue for a period of one year following the Enforcement Director's non-objection to the Restitution Report and must specify how the results of such investigations are to be forwarded to and verified by the Bureau or its designee.

43.     Restitution under this Order shall not duplicate restitution provided under the FDIC Consent Order.

## Compliance Component

44.     The compliance component of the Redress and Compliance Plan (Compliance Component) must include, at a minimum:

        a.  detailed steps for addressing each action required by this Order;

        b.  delivery to the Bureau of current versions of the Debt Resolution Agreement, marketing materials (including call scripts), and Coaching materials (including scripts and email templates); and

        c.  specific timeframes and deadlines for implementation of the steps described above.

45.     Within 30 days of receiving notice of non-objection to the Redress and Compliance Plan, and again one year after receiving notice of non-objection to the Redress and Compliance Plan, the Company Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:

        a.  lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which the Company Defendant has complied with each such paragraph and subparagraph this Order;

11

  b. describes in detail the manner and form in which the Company Defendant has complied with the Redress and Compliance Plan; and

  c. attaches a copy of each Order Acknowledgment obtained under Section X, unless previously submitted to the Bureau.

## VII

### Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED** that:

  46. Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the First Amended Complaint and continuing until the Effective Date, and taking into account the factors in 12 U.S.C. § 5565(c)(3), the Company Defendant must pay a civil money penalty of $5,000,000 to the Bureau, of which $493,500 shall be remitted in light of the civil money penalty paid under the FDIC Consent Order.

  47. Within 10 days of the Effective Date, the Company Defendant must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

  48. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

  49. The Company Defendant must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, the Company Defendant may not:

  a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

  b. seek or accept, directly or indirectly, reimbursement or

Stipulated Final Judgment and Order
Case No. 3:17-cv-06484-EDL

indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

## VIII

### Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

50.     In the event of any default on the Company Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

51.     The Company Defendant must relinquish all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to the Company Defendant.

52.     The facts alleged in the First Amended Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

53.     The facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by the Bureau under Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against the Company Defendant, even in the Company Defendant's capacity as debtor-in-possession.

54.     Under 31 U.S.C. § 7701, the Company Defendant, unless it already has done so, must furnish to the Bureau its taxpayer identifying number, which

Stipulated Final Judgment and Order
Case No. 3:17-cv-06484-EDL

may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

55.     Within 30 days of the entry of a final judgment, Order, or settlement in a Related Consumer Action, the Company Defendant must notify the Enforcement Director of the final judgment, Order, or settlement in writing. That notification must indicate the amount of redress, if any, that the Company Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

56.     To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, the Company Defendant may not argue that the Company Defendant is entitled to, nor may the Company Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against the Company Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, the Company Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## Additional Compliance Provisions

## IX

## Reporting Requirements

**IT IS FURTHER ORDERED** that:

57.     Within 7 days of the Effective Date, the Company Defendant must:

a. designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with the Company Defendant;

b. identify all businesses that offer products or services to consumers for which the Company Defendant is the majority owner, or that the Company Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

c. describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

58. The Company Defendant must report any change in the information required to be submitted under Paragraph 57 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

59. The Company Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against the Company Defendant; or a change in the Company Defendant's name or address. The Company Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

15

# X

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that:

60.     Within 7 days of the Effective Date, the Company Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

61.     Within 30 days of the Effective Date, the Company Defendant must deliver a copy of this Order to each of its executive officers, as well as to any managers, employees, or other agents and representatives who have responsibilities related to the subject matter of the Order.

62.     For 5 years from the Effective Date, the Company Defendant must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section IX, any future executive officers, as well as to any managers, employees, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

63.     Should the Company Defendant seek to transfer or assign all or part of its operations that are subject to this Order, the Company Defendant must, as a condition of sale, obtain the written agreement of the transferee or assignee to comply with all applicable provisions of this Order with respect to any operations that may be transferred or assigned.

64.     The Company Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

Stipulated Final Judgment and Order
Case No. 3:17-cv-06484-EDL

# XI

## Recordkeeping

**IT IS FURTHER ORDERED** that:

65.    The Company Defendant must create, for at least 5 years from the Effective Date, the following business records:

      a.  all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau; and

      b.  all documents and records pertaining to the Redress and Compliance Plan described in Section VI above.

The Company Defendant must retain these documents for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

66.    The Company Defendant must maintain, for at least 5 years from the Effective Date or 5 years after creation, whichever is longer:

      a.  copies of all sales scripts; training materials; advertisements; websites; and other marketing materials relating to the subject of this Order; and including any such materials provided by the Company Defendant to a third party for use on behalf of the Company Defendant; and

      b.  documents sufficient to demonstrate the experience of consumers on each materially different version of each website owned, operated or controlled by the Company Defendant, directly or indirectly through another entity, on which the Company Defendant advertises, promotes, markets, offers for sale, sells, or provides Debt-Relief Services.

67.    The Company Defendant must make these materials available to the

17

Bureau upon the Bureau's request.

68.     Nothing in this Section shall modify or replace the recordkeeping requirements of 16 C.F.R. § 310.5(a).

## XII

## Notices

**IT IS FURTHER ORDERED** that:

69.     Unless otherwise directed in writing by the Bureau, the Company Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Freedom Debt Relief, LLC*, Case No. 3:17-cv-06484," and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement

Bureau of Consumer Financial Protection

ATTENTION: Office of Enforcement

1700 G Street, N.W.

Washington D.C. 20552

## XIII

## Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

70.     The Company Defendant must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct alleged in the First Amended Complaint. The Company Defendant must provide truthful and complete non-privileged information, evidence, and testimony. The Company Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the

18

Bureau may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XIV

### Compliance Monitoring

**IT IS FURTHER ORDERED** that, to monitor the Company Defendant's compliance with this Order:

71.     Within 14 days of receipt of a written request from the Bureau, the Company Defendant must submit additional compliance reports or other requested non-privileged information, related to requirements of this Order, which must be sworn under penalty of perjury; provide sworn testimony related to requirements of this Order and the Company Defendant's compliance with those requirements; or produce non-privileged documents related to requirements of this Order and the Company Defendant's compliance with those requirements.

72.     The Company Defendant must permit Bureau representatives to interview about the requirements of this Order and the Company Defendant's compliance with those requirements any employee or other person affiliated with the Company Defendant who has agreed to such an interview. The person interviewed may have counsel present.

73.     Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## XV

### Dismissal of Individual Defendant

**IT IS FURTHER ORDERED** that:

74.     Upon the request of Plaintiff Consumer Financial Protection Bureau, and good cause appearing, the action is dismissed with prejudice as to Individual

19

Defendant Andrew Housser.

## XVI

## Release

75.    The Bureau releases and discharges the Defendants from all potential liability for law violations that the Bureau has or might have asserted based on the practices alleged in the First Amended Complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. The Bureau may use the practices alleged in the First Amended Complaint in future enforcement actions against the Defendants and their affiliates, including, without limitation, to establish a pattern or practice of violations or the continuation of a pattern or practice of violations or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with this Order, or to seek penalties for any violations of this Order.

## XVII

## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

76.    The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

## XVIII

## Reasonable Extensions of Time

**IT IS FURTHER ORDERED** that:

77.    The Company Defendant and Bureau may agree in writing to reasonable extensions of deadlines set forth in Sections IX through XIV without further notice to the Court.

Stipulated Final Judgment and Order
Case No. 3:17-cv-06484-EDL

**IT IS SO ORDERED**.

DATED this __9th__ day of July, 2019.

Hon. Elizabeth D. Laporte
United States Magistrate Judge

Stipulated Final Judgment and Order
Case No. 3:17-cv-06484-EDL